12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Ronnie BUSICK, Appellant.
 No. 93-2022.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 8, 1993.
Filed: December 10, 1993.
 
 Appeal from the United States District Court for the Western District of Arkansas.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronnie Busick appeals his sixteen-month sentence imposed by the district court[1] following his guilty plea to mail fraud. We affirm.
 
 
 2
 Busick pleaded guilty to an information alleging that he aided and abetted others in an insurance fraud scheme, in violation of 18 U.S.C. Secs. 2 & 1341. The district court sentenced him at the top of his Guideline range to sixteen months of imprisonment, to be followed by two years of supervised release. The court entered the judgment of conviction on March 15, 1993. On March 24, 1993, Busick moved to correct his sentence under Fed. R. Crim. P. 35(c) (acting within seven days after imposition of sentence, court may correct sentence imposed as a result of arithmetical, technical, or other clear error). He suggested that the court intended to sentence him similarly to codefendant Terry Bunch-who received a lesser sentence-but instead inadvertently compared him to another codefendant. The district court concluded it lacked jurisdiction to correct the sentence because it was unable to act on the motion within the time permitted under Rule 35(c), and that, even if it had jurisdiction, it would not grant the motion.
 
 
 3
 Appointed counsel filed a brief under Anders v. California, 386 U.S. 738 (1967). In it, counsel reasserts that the district court inadvertently compared Busick to the wrong codefendant when it imposed the sixteen-month prison term. At sentencing, however, the court indicated only that it would take the sentence of one of Busick's codefendants "into account" when sentencing Busick, not that it would impose the same sentence. The sentencing transcript suggests the court sentenced Busick as it did because of his continuing illegal activity.
 
 
 4
 Counsel argues Busick's sentence was nonetheless impermissibly disproportionate to those of his codefendants, and that the court violated U.S.S.G. Sec. 1A3, an introductory policy statement providing that Congress sought uniformity and proportionality in sentencing. This argument also fails. "Mere variation in sentences among co-conspirators is not alone a sufficient basis which would require resentencing," United States v. Meggers, 912 F.2d 246, 251 (8th Cir. 1990), and Busick has failed to show that the district court abused its discretion. See id. Finally, we reject the argument that the court incorrectly concluded it lacked jurisdiction to act under Rule 35(c). See United States v. Morillo, No. 93-1388, 1993 WL 444541, at * 4 (1st Cir. Nov. 8, 1993).
 
 
 5
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas